# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                         NO. 4:02CR00050 JLH

TAMARA TOWNSEND                                                                          DEFENDANT

## OPINION AND ORDER

Tamara Townsend has filed a motion and brief requesting that her sentence of twelve months imprisonment with no supervised release to follow be vacated on the grounds that it is an illegal sentence. The motion was docketed as a motion to vacate, set aside, or correct Townsend's sentence pursuant to 28 U.S.C. § 2255.

Townsend pled guilty to bank fraud, a Class B felony, in violation of 18 U.S.C. § 1344. On December 2, 2002, Townsend was sentenced to twenty-four months imprisonment consecutive to her undischarged state sentence with four years of supervised release to follow. The statutory maximum period of supervised release was five years. 18 U.S.C. § 3583(b). Townsend's supervision began on March 4, 2005, and was originally scheduled to end on March 3, 2009.

On February 8, 2008, Townsend's supervised release was revoked, and she was ordered to serve six months in the Bureau of Prisons with two years supervised release to follow. That order was modified, however, on March 18, 2008, to six months of home detention with two years supervised release to follow. The effect of that order was to give Townsend one additional year of supervised release, which in essence modified her supervised release to the five year statutory maximum.

On April 6, 2009, Townsend's supervised release was again revoked and she was ordered to serve nine months imprisonment with three years supervised release to follow. That order was

modified on April 13, 2009, to nine months in a halfway house or other community confinement as arranged by and under the direction of the probation office, with three years supervised release to follow.

On January 19, 2012, Townsend's supervised release was again revoked and she was sentenced to twelve months imprisonment with no supervised release to follow. Townsend now argues that this sentence is an illegal sentence and should be voided.

Because the Court originally ordered four years supervised release, the modification that added one year to that was proper pursuant to 18 U.S.C. § 3583(e)(2). The issue presented is whether the Court in sentencing Townsend to nine months in a halfway house or other community confinement had the authority to order supervised release to follow past the term of the original five year period that would have ended in March of 2010. That issue hinges on a determination of whether a court ordered confinement in a halfway house or community confinement sentence constitutes a "term of imprisonment" as contemplated by 18 U.S.C. § 3583(h), which allows for an additional term of supervised release following a term of imprisonment for revocation of supervised release. *See United States v. Palmer*, 380 F.3d 395, 398 (8th Cir. 2004).

Title 18, section 3621(a) provides that a person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 is to be committed to the custody of the Bureau of Prisons. Revocation of a supervised release is governed by 18 U.S.C. § 3583, which falls within subchapter D of chapter 227. Section 3621(b) provides that the Bureau of Prisons shall designate the place of the prisoner's imprisonment. A court has no authority to designate the place of imprisonment for someone sentenced to a term of imprisonment pursuant to 18 U.S.C. § 3621(a). *United States v. Williams*, 65 F.3d 301, 307 (2nd Cir. 1995); *United States v.*

*Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993). Thus, a "term of imprisonment" as that term is used in 18 U.S.C. § 3583(h) means a term served by a convicted person in a place designated by the Bureau of Prisons after being committed to the custody of the Bureau of Prisons. Conversely, a sentence under section 3583(h) that leaves the defendant under the supervision of the probation office is not a term of imprisonment even if the sentence includes confinement in a halfway house or other community confinement. Whereas a court has no authority to designate a place where a convicted person will serve a term of imprisonment, a court does have the authority to impose community confinement as a condition of probation or supervised release. 18 U.S.C. § 3563(b)(12); 18 U.S.C. § 3583(d). *United States v. Griner*, 358 F.3d 979, 981-82 (8th Cir. 2004).

As noted above, prior to revoking Townsend's supervised release and imposing the sentence of imprisonment, the Court had twice revoked Townsend's supervised release and ordered her to serve a term of imprisonment in the Bureau of Prisons. On both occasions, however, the Court amended the judgment. In the first of those instances, the Court ordered Townsend to serve six months in home detention, and on the second occasion the Court ordered her to serve nine months in community confinement or a halfway house. Neither of the amended judgments committed Townsend to the Bureau of Prisons. The first amended judgment ordered that Townsend serve a period of home detention and explicitly stated that any further violations "will result in her immediate imprisonment." Document #64. The second amended judgment directed that she serve nine months in a local halfway house or other community confinement as arranged by, and under the direction of, the probation office. Document #76. Because Townsend was not committed to the Bureau of Prisons in either amended judgment, she was not ordered to serve a term of imprisonment within the meaning of 18 U.S.C. § 3583(h). Because Townsend was not ordered to serve a term of

3

imprisonment for violation of her supervised release, the maximum amount of supervised release that could be imposed was five years. Townsend completed five years of supervised release in March of 2010. Townsend therefore completed her term of supervised release before she was revoked on January 19, 2012. The judgment revoking her supervised release is therefore void.

For the reasons stated, Townsend's motion is GRANTED. Document #103. The Court orders that the Bureau of Prisons release her immediately.

IT IS SO ORDERED this 3rd day of May, 2012.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE